UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID WILLIAM BOONE COTTRELL,

Plaintiff,

v.

CAUSE NO. 3:19-CV-695 DRL-MGG

ROBERT O. BOWEN *et al.*,

Defendants.

## OPINION AND ORDER

Mr. David William Boone Cottrell, a prisoner without a lawyer, filed this lawsuit against a State court judge and two State prosecutors. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Cottrell alleges the defendants have violated his civil rights in the way they have conducted his state criminal case. He alleges the state court judge who presides over his state criminal case must recuse and grant his motion for a change of venue. He alleges the prosecutors and the judge have "constitutionally deficient policies, practices, procedures and/or customs in effect that resulted in the Plaintiff being subjected to his civil rights being violated." ECF 1 at 2.

This is not the first time Mr. Cottrell has brought these claims. In *Cottrell v. Marshal County Prosecutor Office*, 3:19-CV-648 (N.D. Ind. filed August 15, 2019), he sued the Marshall County Prosecutor Office and the Marshall County Superior Court making the same allegations. That case was dismissed days before he signed the complaint for this case. Though he sued the "offices" in that case, and he sues the "officials" in this one, that is a distinction without a difference. As the court explained in its dismissal order, the officials "are themselves immune from liability to Cottrell in this action." *Id.*, ECF 4 at 2. They are immune in this action for the same reasons. *Id.* Moreover, suing them after he was informed they are immune was not appropriate.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile"). Such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the defendants are immune and filing this lawsuit was frivolous.

SO ORDERED.

August 30, 2019    *s/ Damon R. Leichty*
                   Judge, United States District Court